UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE SHERWIN-WILLIAMS COMPANY,

        Plaintiff,

vs.                                                     Case No.   2:06-cv-494-FtM-99SPC

PORT CHESTER ENTERPRISE CORP.;
MAXIMO TELEDO; PEDRO TORRES,

        Defendants/
   Third-party Plaintiffs,

vs.

PULTE HOME CORPORATION,

        Third-party Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Remand Action (Doc. #14), filed on October 4, 2006.  On November 6, 2006, third-party defendant Pulte Home Corporation filed a Memorandum in Opposition (Doc. #18).  Also before the Court are plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #4) and plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. #5).

    The four-count Complaint (Doc. #2), originally filed in state court, seeks $27,468.93 (plus interest, costs, and attorney's fees) for paint and related materials plaintiff delivered to defendants for which defendants failed to pay.  Defendants' Answer included a Third Party Complaint (Doc. #3, pp. 8-11) against Pulte Home

Corporation (Pulte) seeking $78,752.83, which included the value of the goods ordered from plaintiff plus labor costs and agreed-to profit margin for work to be done by defendants for Pulte. Pulte timely removed the entire state case to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, stating that the citizenship of the parties was completely diverse and the matter in controversy exceeded the requisite minimum of $75,000.00. (Doc. #1.)

Plaintiff now seeks to remand the action to state court on two grounds. First, plaintiff argues that a third-party defendant such as Pulte is not a "defendant" entitled to remove an action under 28 U.S.C. § 1441(a). Second, plaintiff argues that even if the Third Party Complaint is asserted to be a "separate and independent" claim under 28 U.S.C. § 1441(c), such a claim must be based on federal question jurisdiction, not diversity jurisdiction.

**I.**

In pertinent part, 28 U.S.C. § 1441(a) provides that a civil action brought in state court "may be removed by the defendant or the defendants, to the district court . . .." Thirty-six years ago, the Eleventh Circuit's predecessor stated: "The cases are hopelessly divided on whether and under what circumstances a third party defendant may remove to federal court [pursuant to 28 U.S.C. § 1441(a)]." Central of Ga. Ry. Co. v. Riegel Textile Corp., 426

F.2d 935, 937 (5th Cir. 1970).[1]  In Riegel Textile the Fifth Circuit allowed a third party defendant to remove a case to federal court where the state trial court had severed the third party complaint from the original action for trial.  The Fifth Circuit stated: "Where removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in [the third party defendant's] position is as much a 'defendant' as if an original action had been brought against him."  Id. at 938.  Subsequent cases have allowed removal by a third party defendant under other portions of the removal statutes which did not specifically refer to third party defendants.  IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 156 (5th Cir. Unite B 1982)[2](applying 28 U.S.C. § 1442(a)); In re Surinam Airways Holding Co., 974 F.2d 1255, 1258-59 (11th Cir. 1992)(applying 28 U.S.C. § 1441(d)).  The Court concludes that Pulte was a "defendant" authorized to remove the case from state court.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982) the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit.

**II.**

Nonetheless, there are statutory limitations on the removal of a case on the basis of diversity. Title 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(emphasis added.) A defendant in a diversity case cannot remove a case if any of the defendants is a citizen of the State in which such action is brought. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). In this case it is undisputed that the defendants are Florida citizens and none of the claims provide federal question jurisdiction. Therefore, the case was not removable to federal court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Remand Action (Doc. #14) is **GRANTED** and the Clerk is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, and transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk shall terminate plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #4) and plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. #5) as pending motions in this Court.

4. Defendants/Third Party Plaintiffs Port Chester Enterprise Corp., Maximo Teledo, and Pedro Torres' counsel's Motion to Withdraw as Counsel of Record (Doc. #20) is **DENIED** as moot.

5. The Clerk shall close the District Court case file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of November, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record